DUFRESNE, Judge.
The parents of the minor child, B.C., appealed the judgment of the trial court terminating their parental rights. The parents seek to have their parental rights restored, contending that the trial judge erred in finding that there was clear and convincing evidence to establish grounds for termination under the provisions of LSA-R.S. 1S:1601(B) & (D). We affirm, finding the record supports the termination of parental rights would be in the best interest of the child.
The child that this proceeding concerns was born on October 8, 1980. On December 10, 1982, he was placed in the custody of the Louisiana Department of Health and Human Resources (DHHR) by his mother, who stated that she was leaving her husband (the child’s father), and that neither she nor her husband could care for the child. Relatives of the child were contacted, but no one could care for the child.
DHHR placed the child in a foster home, and then did a family service assessment of the family. On January 10, 1983, the juvenile court adjudicated the child a “child in need of care” (La.R.S. 13:1600) as to both parents.
On March 16, 1983, pursuant to a family team conference, the first of numerous service (or reunification) contracts, designed to lead to reunification of the child with his parents, was entered into between DHHR and the parents. The terms of this contract included (as did subsequent ones) that the mother attend as an outpatient at a Substance Abuse Clinic, and that the father participate in counseling. Neither parent cooperated with this contract. However, after a review hearing on July 14,1984, the child was returned to his parents’ home on a trial basis commencing on July 21, 1984, but he was removed from their home on October 12, 1984, again because of the mother’s admitted insobriety and the violent fighting between the parents.
A subsequent reunification contract was then attempted, also without success. Nevertheless, after a review hearing on January 25, 1985, a second trial return of the child to his parents’ home was contemplated, but hinged on the parents’ compliance with still another reunification contract. Before this contemplated return could actualize, the mother again began to abuse drugs. Because of this continuing failure of the parents to participate (in counseling) and to cooperate with DHHR in their efforts to help them achieve (through such counseling) a level of adequate parenting of their child, and because of the continued insobriety of the mother, DHHR on February 22, 1985, finally, recommended that termination proceedings begin.
On June 24, 1985, after a hearing to determine the merits of DHHR’s recommendation to terminate parental rights, the juvenile court did terminate their rights.
The petition for termination filed by the State requested termination under La. R.S. 13:1601(B), (C), (D) and (F). The trial judge found the evidence supported proof of only subsections B and D; however, from our review of the record we conclude that the State has established grounds for termination under only subsection B. Since it is necessary that the State only prove the grounds under one subsection, we affirm the trial judge’s order of termination under La.R.S. 13:1601(B).
The record supports proof of each of the elements in subsection B as follows:
(1) One year has passed since the rendition of a child in need of care judgment.
The child was placed with DHHR as per judgment rendered January 10, 1983. The termination proceeding occurred on June 24, 1985, over two years later.
(2) The parents are unfit to rear the child.
The record more than adequately supports that the parents are unable to provide appropriate parenting of a young child. The mother has been involved with drugs and needs hospitalization to stay off drugs. All reports and evaluations indicate the parents were unfit to adequately parent their child.
*1139 (3) The parents have shown no significant substantial indication of reformation and are unlikely to reform.
Again the record reveals that DHHR has made every reasonable effort to effectuate reunion, but all to no avail. For over two and one-half years DHHR has entered into numerous service contracts with the family in an attempt to gradually return the child to them. Counseling arrangements and schedules were made, however, most were cancelled by the parents. The record is replete with evidence of this refusal to cooperate. The mother refused inpatient treatment for her drug abuse and although she agreed to outpatient treatment, it proved to be unsuccessful.
Likewise, the father did not cooperate with the agreement, which had included that he take steps toward a permanent residence; that he catch up on support payments; and that he attend counseling.
After reviewing all testimony presented, including the testimony of both parents, the trial judge presented oral reasons for termination of parental rights.
It is settled jurisprudence that in cases involving the custody of children, the primary concern of the court is the welfare and best interest of the children, and this consideration must prevail over the parental right to custody in cases wherein the two principles conflict. In the instant case, the clinical psychologist explained in his testimony that for proper development this child needed to form an attachment to a primary caretaker in a permanent home, and that this was of paramount concern to him. It was further explained that once parental rights were terminated, the child could be adopted and these developmental needs eventually met. Because of the parents’ previous inability to provide adequate parenting and their continued refusal to cooperate with the terms of DHHR set forth in the numerous reunification contracts designed to give them the means to adequately parent, both the psychologist and DHHR had finally recommended to the court, that termination of parental rights was now in the best interests of the child, so that such adoption could occur.
These were the considerations emphasized by the court in its reasons for termination of parental rights. The court further found that the parents’ continued refusal to receive counseling and treatment amounted to a refusal to provide necessary medical services to the child within the parameters of such in La.R.S. 13:1600. The parents were thus deemed in the court’s opinion to be legally unfit without any indication of reform. (See La.R.S. 13:1601 B).
Where there is evidence before the trier of fact, which upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, the appellate court, on review, should not disturb this factual finding in absence of manifest error, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
BOWES, J., concurs with written reasons.